**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | Civil No. 12-190 Erie |
| | ) | Criminal No. 09-06 Erie |
| | ) | Judge David S. Cercone |
| v. | ) | |
| | ) | |
| **ANTHONY JEROME JONES**, | ) | |
| | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court upon Defendant Anthony Jerome Jones' Motion to Vacate

Judgment pursuant to 28 U.S.C. § 2255. For the reasons which follow, the motion will be denied.

**I.    FACTUAL BACKGROUND**

On February 10, 2009, a grand jury sitting in the Western District of Pennsylvania indicted

Jones on a single-count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §

922(g)(1). Jones pled guilty to the charge on August 17, 2009. During the preparation of his

presentence report ("PSR"), the probation officer concluded that Jones was an Armed Career

Criminal pursuant to 18 U.S.C. § 924(e)[1] because he had previously been convicted of violent

felonies on three occasions (two convictions for robbery and one for assault). Consequently,

Jones faced a statutory term of imprisonment 15 years to life, with a guideline range of 188 to 235

months of imprisonment.

On February 12, 2010, former Chief Judge Sean J. McLaughlin held a sentencing hearing

---

[1] The Armed Career Criminal Act ("ACCA") imposes enhanced penalties for certain firearm offenses where the defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). ACCA violent felonies are defined to include "any crime punishable by imprisonment for a term exceeding on year." 18 U.S.C. § 924(e)(2)(B).

at which the Court agreed with the calculations set forth in the PSR, concluding that Jones had a total offense category of 31, a criminal history category of VI, and an advisory guideline range of 188 to 235 months. The Court sentenced Jones to a term of 211 months imprisonment and five years of supervised release.

On direct appeal, Jones argued that a sentence greater than the statutory mandatory minimum was substantively unreasonable. See United States v. Jones, 402 F. App'x 715, 716-17 (3d Cir. 2010). On November 22, 2010, the Third Circuit affirmed Jones' conviction and sentence. Id. at 717. Jones did not file a petition for writ of certiorari.

Almost two years later, on August 17, 2012, Jones filed the instant motion to vacate. (ECF No. 48). The government filed a response (ECF No. 49), and Jones filed a reply (ECF No. 50). On August 16, 2013, this matter was referred to the undersigned following Judge McLaughlin's resignation from the bench. It is now ripe for review.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. When a motion is made pursuant to 28 U.S.C. § 2255, the question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion, the court must accept the truth of the petitioner's factual allegations unless they are clearly frivolous on the basis of the existing record. United States v. Day, 969 F.2d 39, 41-42 (3rd Cir. 1992). Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the

petitioner is not entitled to relief.   Id.

Here, upon consideration of Jones' petition, the government's response thereto, and the pleadings and documents of record, the Court concludes that no hearing is warranted.

## III.   DISCUSSION

A motion for collateral relief pursuant to Section 2255 is subject to the one-year limitations period set forth in the AEDPA.   Kapral v. United States, 166 F.3d 565, 567 (3d Cir. 1999).   As provided in 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section.   The limitation period shall run from the latest of---
>
>  (1) the date on which the judgment of conviction becomes final;
>
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In the instant case, Defendant's conviction became final within the meaning of the statute on February 21, 2011, when the ninety-day period for Jones to file a petition for writ of certiorari following his direct appeal expired.   Because Defendant did not file his Section 2255 motion until August 17, 2012, almost six months after the expiration of the statutory limitations period, his motion is time-barred.

Jones primarily attempts to avoid this result by invoking Section 2255(f)(3).   He argues that his 1992 conviction for second degree assault in New York State no longer qualifies as a

predicate offense for his Armed Career Criminal designation in light of the United States Supreme Court's decision in <u>Carachuri-Rosendo v. Holder</u>, 560 U.S. 563 (2010), and the subsequent decision by the Fourth Circuit Court of Appeals in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011). This argument fails for several reasons.

First, <u>Carachuri</u> has no direct application to a conviction under 18 U.S.C. 922(g)(1). As explained in one recent decision:

> <u>Carachuri-Rosendo</u> dealt with the issue of under what circumstances a prior conviction for simple possession of a controlled substance can constitute an aggravated felony pursuant to 8 U.S.C. § 1229b(a)(3). Specifically, the Supreme Court determined whether the statutory enhancements of recidivism in regard to simple possession under 18 U.S.C. § 844 can render a prior conviction a conviction for an aggravated felony, where recidivism is demonstrated by the record but not actually alleged or raised. Petitioner was not convicted under Section 1229b. Petitioner's contentions to the contrary notwithstanding, the statute under which he was convicted, 18 U.S.C. § 922(g)(1), does not require a showing that he had been previously convicted of an aggravated felony, but rather that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year. <u>Carachuri</u>-Rosendo in no way altered the well-established rule that courts are to look at the maximum potential sentence for a prior conviction, and not the one actually imposed, in determining whether a defendant was convicted of a crime punishable by a term of imprisonment exceeding one year for purposes of Section 922(g)(1).

<u>United States v. St. Clair</u>, 2012 WL 1309368, at *2 (W.D. Pa. Apr. 16, 2012); <u>see</u> <u>also</u> <u>United States v. Harris</u>, 2013 WL 357236, at *7 (W.D. Pa. Ja. 29, 2013) (same); <u>Bogardus v. United States</u>, 2012 WL 292870, at *5 (S.D. Ga. Jan. 4, 2012) (<u>Carachuri</u> did not alter the definition of a federal felony. Rather, <u>Charachuri</u> stands for the proposition that before a defendant can be made to suffer the consequences of a recidivist conviction – which in <u>Charachuri</u> would have transformed a misdemeanor simple-possession offense under state law into an 'aggravated felony' under the INA – the defendant must actually be *convicted* as a recidivist.") (emphasis in original).

Second, it is not clear whether Carachuri has been made retroactively available to cases pending on collateral appeal.  Indeed, most courts appear to have concluded that it is not.  See, e.g., St. Clair, 2012 WL 1309368, at *3 ("[E]ven if it were relevant, Carachuri-Rosendo has not been made retroactive to cases on collateral review."); Bogardus, 2012 WL 292870, at *6 (collecting cases and noting that "nearly every court to consider whether Carachuri applies retroactively has concluded that it does not.").

Finally, and most critically, even if Carachuri had been made retroactive and was applicable in the instant case, Jones' motion is still untimely.  Carachuri was decided on June 14, 2010.  As noted above, a motion based on a newly recognized right must be filed within one year of the date on which the right was initially recognized by the Supreme Court.  See 28 U.S.C. § 2255(f)(3).  Jones' petition, filed until almost two years thereafter, falls well outside of the applicable statutory limitations period.[2]

In a final attempt to salvage the timeliness of his motion, Jones cites Section 2255(f)(4), arguing that the Simmons decision is "newly discovered evidence."  Jones also seeks equitable tolling of the statutory limitations period.  Neither argument has merit.  Section 2255(f)(4) applies only where the petitioner presents new *factual* evidence that could not have previously been discovered through the exercise of due diligence.  See 28 U.S.C. § 2255(f)(4) (beginning the

---

[2] To the extent that Jones contends that the Fourth Circuit's decision in Simmons, issued on August 17, 2011, created a newly recognized right that renders his petition timely, this argument is unavailing.  It is axiomatic that Section 2255(f)(3) only applies to rights that are "newly recognized *by the Supreme Court*."  Id. (emphasis added); see also United States v. Pellulo, 2013 WL 2284894, at *2 (E.D. Pa. May 23, 2013) (noting that Simmons is neither binding in the Third Circuit nor a valid basis for extension of the federal limitations period applicable to 2255 petitions); Stewart v. United States, 2014 WL 66616, at *5 n. 3 (N.D.W.V. Jan. 3, 2014) ("[P]etitioner canont rely on [Simmons] as grounds for filing a successive § 2255 motion, because a new right recognized by a circuit court of appeals, rather than the Supreme Court, does not qualify petitioner for relief pursuant to § 2255(f)(3).  Section 2255(f)(3) expressly applies only to a right that "has been newly recognized by the Supreme Court.").

one-year clock on "the date on which *the facts supporting the claim or claims* presented could have been discovered through the exercise of due diligence") (emphasis added). Equitable tolling applies only where a petitioner can demonstrate that some extraordinary circumstance caused his failure to file a timely petition despite otherwise exercising due diligence. See, e.g., LaCava v. Kuyler, 398 F.3d 271, 276 (3d Cir. 2005). In the instant case, Jones fails to raise any extraordinary circumstances that prevented him from filing a timely 2255 motion.

## IV. CONCLUSION

For the reasons stated herein, Jones' Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 is denied. Moreover, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability. An appropriate order follows.

Date: June 10, 2015

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Marshall J. Piccinini, AUSA

*(Via CM/ECF Electronic Mail)*

Anthony Jerome Jones
20619-068
Hazelton Penitentiary
Inmate Mail/Parcels
P.O. Box 2000
Bruceton Mills, WV 26525

*(via United States Postal Service)*